# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD CRAWFORD ELECTRIC, LLC, | No. 4:21-CV-00451 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| HART MAINTENANCE AND CONSTRUCTION, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 19, 2021

## I. BACKGROUND

This case was initially filed by Plaintiff Leonard Crawford Electric, LLC against Defendant Hart Maintenance and Construction, LLC on March 12, 2021. For the past five months Defendant has failed to appear before this Court at all. Plaintiff moved for entry of default in May 2021 and default was subsequently entered by the Clerk of Court. Then, Plaintiff moved for default judgment. Still, Defendant has refused to respond, and therefore the motion is now ripe for disposition. For the reasons that follow, the motion is granted.

## II.     DISCUSSION

### A.     Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[1]  "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[2]  "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[3]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[4]  "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under

---

[1]  Fed. R. Civ. P. 55(b)(2).
[2]  *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[3]  10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[4]  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Rule 55(c)."[5]  In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[6]

The Court nevertheless considers those factors for the sake of completeness; in this case, they favor the grant of default judgment.  First, Plaintiff would be prejudiced by its "current inability to proceed with [its] action due to Defendant[']s failure to defend."[7]  Defendant's decision to not appear before this Court would otherwise prevent Plaintiff from recovering any damages for its claim.  Similarly, the second factor points in favor of the grant of default judgment.  "Defendant has not responded to the allegations and, thereby, has failed to assert a defense."[8]  Finally, there does not appear to be any excuse for Defendant's failure to appear or otherwise respond to Plaintiff's complaint.  Plaintiff submitted evidence that Defendant was served through one of its members in March 2021.[9]  Having received service, Defendant has yet to respond or appear in this action.  Because Defendant has offered no explanation for its failure to engage in the litigation, the Court finds that Defendant is culpable.[10]  Therefore, default judgment is appropriate in these circumstances.

---

[5]  *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).
[6]  *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990).
[7]  *Broad. Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[8]  *Pesotski*, at *3.
[9]  *See* Doc. 5-1.
[10]  *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).

A finding that default judgment is warranted, however, "is not the end of the inquiry."[11]  First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[12]  Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[13]  Plaintiff's complaint asserts claims for breach of contract and other alternative grounds for relief.  The Court now considers whether the allegations in the complaint, taken as true, state a claim under those statutes.

### B. The Facts Alleged in the Complaint

The relevant facts alleged in the complaint, which I accept as true for the purposes of determining whether Plaintiff has stated a claim, are as follows.  In July 2018, Plaintiff submitted offers to Defendant to provide certain electrical work and related services on a meter project in Washington and Lycoming Counties, Pennsylvania.[14]  Defendant accepted those offers and agreed to pay for the services proposed.[15]  Plaintiff performed its obligations to Defendant, but Defendant has not paid for all services rendered.[16]  As a result of Defendant's failure to pay, Plaintiff has suffered damages.

---

[11] *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[12] *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[13] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[14] Doc. 1 ¶ 8.
[15] *Id*. ¶ 9.
[16] *Id*. ¶ 12.

## C. Plaintiff's Claims

Plaintiff's first claim is for a breach of contract. In Pennsylvania, a claim for breach of contract must establish three elements: (1) the existence of a contract that includes its essential terms; (2) a breach of that contract; and (3) damages resulting from the breach.[17] Plaintiff has established all three elements. First, it appears that there was a contract between the parties, based on the alleged facts. Second, Plaintiff has alleged that Defendant breached that contract by failing to pay for services rendered. And finally, Plaintiff claims that it has suffered damages totaling $134,424.00. This states a claim for breach of contract, and in the absence of any opposition from Defendant, satisfies Plaintiff's burden to show an entitlement to default judgment.[18]

## D. Damages

Having found that Plaintiff has stated a legitimate cause of action, the Court considers the amount of damages Plaintiff is entitled to. Plaintiff seeks $134,424.00 stemming from the breach of contract. The Court will ask Plaintiff to provide additional documentation showing how this sum was calculated, and that this sum was actually incurred.[19] Plaintiff also asks for costs and expenses of the

---

[17] *Silva v. Rite Aid Corp.*, 416 F. Supp. 3d 394, 401 (M.D. Pa. 2019).
[18] Because Counts 2-4 appear to seek recovery that is duplicative of Plaintiff's breach of contract claim, I do not reach those allegations.
[19] To the extent Plaintiff still seeks an interest payment, it should also provide additional discussion on that point. The brief and motion are inadequate on the issue.

suit, but it is unclear what these costs and expenses amount to; therefore the Court also will ask Plaintiff to introduce evidence accounting for the same.

## III.   CONCLUSION

Plaintiff's motion for default judgment is granted, but the award of any damages remains pending until Plaintiff has satisfactorily submitted evidence that allows the Court to calculate those damages.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
